IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Steven Weigle, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:17-cv-1874 |
| McCarthy, Burgess & Wolff, Inc., an Ohio corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Steven Weigle, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Steven Weigle ("Weigle"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt, which was owed for a Merrick Bank credit card.

4. Defendant, McCarthy, Burgess & Wolff, Inc. ("McCarthy"), is an Ohio

corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant McCarthy operates a debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana. In fact, Defendant McCarthy was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. Mr. Weigle fell behind on paying his bills, including a debt he allegedly owed for a Merrick Bank credit card. Defendant McCarthy sent Mr. Weigle an initial form collection letter, dated August 23, 2016. This collection letter stated:

> Our Client: Fiserv, Inc.
> Merchant ID: MERRICK BANK

The letter later stated that: "Fiserv, Inc. has placed the above referenced account with our office for collection activity." A copy of Defendant's letter is attached as Exhibit A.

6. Defendant's letter failed to state the name of the creditor to whom the debt was then currently owed. Was it Fiserv, Merrick Bank or some other entity? A simple statement that one of these two entities or some other entity was the current owner of the debt, or that the debt was owed to "XYZ" would have informed the consumer of the name of the creditor to whom the debt was owed.

7. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827. Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an

attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 324-325 (7th Cir. 2016).

8. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

9. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

10. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, it had to provide Mr. Weigle with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2), see, Janetos, 825 F.3rd at 324-325 (7th Cir. 2016); see also, Long v. Fenton & McGarvey, 2016 U.S. Dist. LEXIS 170421 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. Lexis 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); and Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

11. Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the current creditor to whom the debt was owed.

12. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

13. Plaintiff, Steven Weigle, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Merrick Bank credit card, via the same form collection letter (Exhibit A), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

14. Defendant McCarthy regularly engages in debt collection, using the same form collection letter it sent Plaintiff Weigle, in its attempts to collect delinquent consumer debts from other consumers.

15. The Class consists of more than 35 persons from whom Defendant McCarthy attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Weigle.

16. Plaintiff Weigle's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

17. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests

of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

18.   Plaintiff Weigle will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Weigle has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Steven Weigle, individually and on behalf of all others similarly situated, prays that this Court:

1.   Certify this action as a class action;

2.   Appoint Plaintiff Weigle as Class Representative of the Class, and his attorneys as Class Counsel;

3.   Find that Defendant's form collection letter violates the FDCPA;

4.   Enter judgment in favor of Plaintiff Weigle and the Class, and against Defendant McCarthy, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.   Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Steven Weigle, individually and on behalf of all others similarly situated,

demands trial by jury.

                    Steven Weigle, individually and on behalf of all others similarly situated,

                    By: /s/ David J. Philipps
                    One of Plaintiff's Attorneys

Dated:  June 7, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com